Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
CROWLEY FLECK PLLP
490 North 31st Street, Ste. 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: 406-252-3441
Email: joven@crowleyfleck.com
mstermitz@crowleyfleck.com
jroth@crowleyfleck.com

Peter R. Steenland
Lauren C. Freeman
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: 202-736-8000
Email: psteenland@sidley.com
lfreeman@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TransCanada Corporation*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, CENTER FOR BIOLOGICAL DIVERSITY, FRIENDS OF THE EARTH, NATURAL RESOURCES DEFENSE COUNCIL, INC., and SIERRA CLUB,

Plaintiffs,

vs.

THOMAS A. SHANNON, JR., in his Official Capacity as Under Secretary of State for Political Affairs, UNITED STATES DEPARTMENT OF STATE, RYAN ZINKE, in his official Capacity as Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; and BUREAU OF LAND MANAGEMENT,

Defendants,

CV 17-31-GF-BMM

**MEMORANDUM IN SUPPORT OF MOTION BY TRANSCANADA KEYSTONE PIPELINE, LP AND TRANSCANADA CORPORATION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) OR 12(b)(6)**

and

TRANSCANADA KEYSTONE PIPELINE, LP and TRANSCANADA CORPORATION,

Defendant-Intervenors.

## INTRODUCTION

After first filing suit on March 30, 2017, and filing two subsequent amended complaints, Plaintiffs Northern Plains Resource Council, Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council and Sierra Club (collectively, "Northern Plains") filed a Third Amended Complaint. (ECF No. 58). In its Third Amended Complaint, Northern Plains added a fifth claim for relief, alleging that the Department of State ("State Department" or "the Department") and Under Secretary Shannon violated the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA"), and Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"). (ECF No. 58, ¶¶ 173-178).

Plaintiffs seek declaratory and injunctive relief for this fifth claim that mirrors the initial relief sought, but against Defendants State Department and Under Secretary Shannon. The relief sought would invalidate Keystone XL's federal permits and approvals and prevent TransCanada from performing any activity in furtherance of construction or operation of Keystone XL.

TransCanada Corporation and its subsidiary TransCanada Keystone Pipeline, LP ("Keystone") (collectively "TransCanada") hereby adopt the background and statement of facts from its Motion to Dismiss Northern Plains' original complaint. (ECF No. 42-1, at 2-5).

## STANDARDS FOR A MOTION TO DISMISS

The Federal Defendants' discussion at pages 5-6 of their Motion to Dismiss correctly sets forth the appropriate criteria for this Court to employ in ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) or Rule 12(b)(6). (ECF No. 42-1, at 5-6).

## ARGUMENT

In its fifth claim for relief, Northern Plains alleges violations of the ESA, 16 U.S.C. §§ 1531-1544, and the APA, 5 U.S.C. §§ 701-706. (ECF No. 58, ¶¶ 173-178). However, it has not cured the 12(b) deficiencies that underlie this claim and have persisted throughout this litigation. Northern Plains argues that the State Department's Biological Assessment and the "not likely to adversely affect" determination for whooping cranes, interior least terns, and piping plovers is a final agency action reviewable under the APA, and seeks to set aside the Biological Assessment (ECF No. 58, ¶¶ 173-178). This claim should be dismissed pursuant to both 12(b)(1), as there is no waiver of sovereign immunity, and 12(b)(6), for failure to state a claim.

## I. This Court Has No Jurisdiction Over Northern Plains' ESA Claim Against the State Department Because There Is No Waiver of Sovereign Immunity.

Northern Plains relies, in error, upon the APA, 5 U.S.C. §§ 701-706, and ESA Sections 1540(c) and (g) as the jurisdictional basis for its claim against the State Department. However, Plaintiffs bear "the burden of showing an unequivocal waiver of immunity," *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), and Northern Plains has shown no such waiver. This is because neither the APA nor the ESA provide a waiver of sovereign immunity for the President.

A waiver of sovereign immunity must be explicit. It must be applied strictly and narrowly. *See, e.g.*, *Lane v. Pena*, 518 U.S. 187, 192 (1996) (a waiver of "sovereign immunity must be unequivocally expressed in statutory text" and will be "strictly construed, in terms of its scope, in favor of the sovereign"). The ESA's citizen suit provision, 16 U.S.C. § 1540(g), constitutes a Congressional waiver of sovereign immunity for certain defendants, but not for the President:

> "[A]ny person may commence a civil suit on his own behalf – (A) to enjoin any *person*, including the United States and any other governmental instrumentality or agency . . . who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof."
>
> 16 U.S.C. § 1540(g)(1)(A) (emphasis added).

The word "person" in ESA Section 1540(g)(1)(A) clearly does not amount to an unequivocal expression of a waiver of sovereign immunity as to the

President. In fact, it cuts the other way. Not only does the citizen suit provision not name the President but it names government instrumentalities and *agencies*. If agency action were at issue here, the ESA citizen suit provision might supply the appropriate jurisdictional basis, but as TransCanada and Federal Defendants explain in detail in their respective motions to dismiss, the actions challenged in this case are not agency action. (ECF No. 42-1, at 6-14, 17-19); (ECF No. 44, at 12-18). Because the State Department acted pursuant to delegated authority from the President under Executive Order 13337, Northern Plains challenges Presidential action – not agency action. Moreover, the APA definition of "agency" does not include the President and accordingly, the President's actions do not constitute "agency action" that is reviewable under the APA. *Id.; see also Franklin v. Massachusetts*, 505 U.S. 788, 800-01 (1992).

Furthermore, the lack of express mention of the President in the ESA citizen suit is supported by the inclusion of the President in another citizen suit provision. In the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), Congress expressly named the President as a potential defendant, thereby waiving his sovereign immunity under CERCLA. 42 U.SC. U.S.C. § 9659(a). CERCLA includes a nearly identical section to ESA Section 1540(g)(1)(A), naming defendants against whom a civil suit can be commenced:

| **CERCLA**<br>42 U.S.C. § 9659(a) | **ESA**<br>16 U.S.C. §1540(g)(1)(A) |
|---|---|
| "[A]ny person may commence a civil action on his own behalf –<br><br>(1) against ***any person (including the United States and any other governmental instrumentality or agency. . . ).*"** (emphasis added) | "[A]ny person may commence a civil suit on his own behalf –<br><br>(A) to enjoin ***any person, including the United States and any other governmental instrumentality or agency . . .*"** (emphasis added) |

CERCLA then expressly includes the President as an eligible defendant, thus providing a waiver of sovereign immunity: "… *against the President* or any other officer of the United States (including the [EPA Administrator])." 42 U.S.C. § 9659(a)(2) (emphasis added). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Bates v. United States*, 522 U.S. 23, 29-30 (1997). Applying this canon of statutory interpretation to these two statutes, we can presume here that Congress acted purposefully and did not intend to include the President in ESA's citizen suit provision. Congress certainly made no express provision for waiving presidential sovereign immunity. As such, the ESA provides no waiver of sovereign immunity as to the President.

Even within the ESA, Congress has demonstrated that it purposefully names the President only when Congress intends for a specific provision to apply to the President. In the 1978 amendments to the ESA, Congress created the "Endangered

Species Committee [which] is colloquially described as the 'God Squad'" and is "composed of six high ranking federal officials" and representatives appointed by the President. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 687 & n.8 (2007). Not only did Congress expressly name the President in the 1978 amendments, but Congress crafted a specific role for the President and "carefully laid out requirements for the God Committee's membership [and] procedures," particularly related to the President's involvement. *Id.*; 16 U.S.C. § 1536(e)-(l).

What is more, Congress created a separate judicial review provision for challenges to decisions of the "God Committee." *See* 16 U.S.C. § 1536(n). Thus, for the specific President role created by section 7, there is also a mechanism to litigate the decisions resulting from that unique process. But, because consultation duties under section 7(a)(2) fall only upon federal agencies, there is no basis for interpreting the citizen suit waiver of sovereign immunity any broader than the scope of the duty created by the legal obligation to consult.

Thus, Congress's inclusion of the President in the 1978 amendments and continued exclusion of the President in the citizen suit provision, even when naming the President in CERCLA's citizen suit provision, demonstrate the absence of any Congressional intent to waive sovereign immunity as to the President. Because there is no waiver of sovereign immunity, Northern Plains' ESA claim

against the State Department must be dismissed under Rule 12(b)(1) for lack of jurisdiction.

## II. Northern Plains Lacks Standing to Bring Their Fifth Claim. That Count is also Defective Because It Fails to State Any Claim for Which Relief Can Be Granted and Thus Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6).

Whether viewed through the prism of constitutional standing or pursuant to *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in a Rule 12(b) motion to dismiss, it is clear that Northern Plains' highly generalized claims of harm lack the requisite specificity that would make them justiciable in federal court.

The Federal Defendants correctly assert that Plaintiffs lack standing to bring their fifth claim. Indeed, Plaintiffs fail to demonstrate that they have satisfied any of the three elements of standing – injury-in-fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). First, Plaintiffs' generalized allegations are insufficient to show injury-in-fact. Plaintiffs fail to establish that any of their members possess an interest in the species at issue. (ECF No. 58, ¶¶ 25-27). Second, Plaintiffs similarly cannot demonstrate causality between the Biological Assessment's alleged deficiencies and an injury to one of their members. Third, invalidation of the Biological Assessment cannot redress an injury that does not exist.[1]

---

[1] Even if this court finds that Plaintiffs can establish injury-in-fact, the reality is that the President retains ultimate discretion over the issuance of the permit,

Moreover, the vague and generalized allegations in Northern Plains Count Five suffer the same infirmities as their earlier allegations against the Fish & Wildlife Service. Plaintiffs still have not identified either the actual conduct alleged to be in violation of the Endangered Species Act or the location or timing of this conduct with sufficient specificity to state a claim under Rule 12(b)(6). Instead, Northern Plains' apprehensions are exactly that – generalized concerns

---

thereby rendering Plaintiffs' alleged injury unredressable. *Lujan*, 504 U.S. at 560-61. Plaintiffs must show there is a "direct relationship between the alleged injury" they seek to remedy "and the claim sought to be adjudicated." *Linda R.S. v. Richard D*., 410 U.S. 614, 618 (1973). Here, the ultimate injury Plaintiffs seek to remedy is the construction of the pipeline and its alleged impacts on federally listed bird species. Even if the court were to set aside the Biological Assessment, the court could not set aside the next and more critical link in the chain – the issuance of the permit. That is a decision committed to the discretion of the President. *See Earth Island Inst. v. Christopher*, 6 F.3d 648, 652-53 (9th Cir. 1993) (deciding not to enforce a statute that required the Executive Branch to negotiate with foreign nations, as that branch alone has the exclusive power to conduct foreign relations); *see also Ctr. for Biological Diversity v. Hagel*, 80 F. Supp. 3d 991 (N.D. Cal.) (Explaining that "parties do not have standing to insist that procedural rules be followed simply for the sake of enforcing conformity with legal requirements[;]" and concluding that since the ultimate decision to build had already been made, and it was unlikely that an adverse ruling requiring the Department of Defense to reconsider its findings would change that decision, Plaintiff lacked standing), *appeal docketed*, No. 15-15695 (9th Cir. Apr. 9, 2015); *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225-27 (9th Cir. 2008) ("Here, if a court were to give the groups the remedy that they seek-that NMFS and the State Department follow the proper procedures during a new § 7 consultation process-the ultimate agency decision of whether to enter into the Treaty with Canada, made nine years ago, could never be influenced. In effect, if we rule against the groups' claim of procedural injury, they will continue to suffer injury; and, if we rule in their favor, they will still suffer injury because we cannot undo the Treaty.")

about future events involving unnamed parties at unspecified locations over an unidentified time frame. This claim lacks the particularity and detail about the potential source of injury that would adversely affect these species. Thus, the complaint fails to include sufficient information to apprise the State Department of the claim asserted against it.

Under the holdings of the Supreme Court in *Iqbal* and *Twombly*, Northern Plains must do more than merely aver that the law has been violated – it must plead sufficient facts to show that it has a plausible claim for relief. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[T]o be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

District courts in this Circuit have scrupulously applied these standards in ESA cases. *See*, *e.g.*, *Cascadia Wildlands v. Kitzhaber*, 911 F. Supp. 2d 1075, 1084, 1086 (D. Or. 2012). There, the court found that some of plaintiff's claims were grounded on forest operation plans that "'detailed specifications for each [of the] individual timber sales, including the location, acreage, type of harvest prescription (e.g. clearcut or thinning), and identification of [endangered species management areas]' implicated by each sale…." These claims presented facts with sufficient specificity to allege a claim under the ESA in sharp contrast to the plaintiff's other "categorical allegations" that could "hypothetically, support a plausible claim" but which failed to allege facts necessary to connect the endangered species management areas listed in the complaint to lands actually managed by the defendant.). *See also Ctr. for Biological Diversity v. EPA*, No. 11-cv-00293-JCS, 2013 WL 1729573, at *11 (N.D. Cal. Apr. 22, 2013) ("Such conclusory allegations are insufficient under the federal pleading standards described in *Iqbal* and *Twombly*.").

For the foregoing reasons, the Court should dismiss Northern Plains' fifth claim against the State Department.

## CONCLUSION

WHEREFORE, TransCanada moves and respectfully requests that this Court dismiss Northern Plains' Third Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).

Dated this 18th day of August, 2017.

CROWLEY FLECK PLLP

By /s/ Jeffery J. Oven
Jeffery J. Oven
Mark L. Stermitz
Jeffrey M. Roth
490 North 31st Street, Ste 500
P.O. Box 2529
Billings, MT 59103-2529
*Counsel for TransCanada Keystone Pipeline, LP and TransCanada Corporation*

SIDLEY AUSTIN LLP

By /s/ Peter R. Steenland, Jr.
Peter R. Steenland, Jr.
Lauren C. Freeman
1501 K Street, N.W.
Washington, D.C. 20005
*Counsel for TransCanada Keystone Pipeline, LP and TransCanada Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2) of the United States Local Rules, I certify that this brief contains 2450 words, excluding caption and certificates of service and compliance, printed in at least 14 points and is double spaced, including for footnotes and indented quotations.

DATED this 18th day of August, 2017.

By /s/ Jeffery J. Oven

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 18th day of August, 2017:

1 - 9 CM/ECF
_____ Hand Delivered
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-mail

1. Clerk of U.S. District Court

2. Cecilia D. Segal
NATURAL RESOURCES DEFENSE COUNCIL - San Francisco
111 Sutter Street, Floor 21
San Francisco, CA 94104
*Attorneys for Northern Plains Resource Council, Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council, Sierra Club*

3. Selena Kyle
NATURAL RESOURCES DEFENSE COUNCIL - Chicago
20 North Wacker Drive, Suite 1600
Chicago, IL 60606
*Attorneys for Northern Plains Resource Council, Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council*

4. Timothy M. Bechtold
BECHTOLD LAW FIRM
PO Box 7051
Missoula, MT 59807-7051
*Attorneys for Northern Plains Resource Council, Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council, Sierra Club*

5. Amy R. Atwood
CENTER FOR BIOLOGICAL DIVERSITY - PORTLAND
PO Box 11374
Portland, OR 97211-0374
*Attorneys for Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council, Sierra Club*

6. Douglas P. Hayes
SIERRA CLUB
1650 38th Street
Suite 102W
Boulder, CO 80301
*Attorneys for Sierra Club*

7. Eric E. Huber
SIERRA CLUB
Environmental Law Program
1650 38th St.
Suite 102W
Boulder, CO 80301
*Attorneys for Sierra Club*

8. Luther L. Hajek
U.S. DEPARTMENT OF JUSTICE - DENVER
South Terrace, Suite 370
999 18th Street
Denver, CO 80202
*Attorneys for Thomas A. Shannon, Jr., US Department of State, Ryan Zinke, US Department of the Interior and Bureau of Land Management*

9. Mark Steger Smith
U.S. ATTORNEY'S OFFICE - BILLINGS
2601 Second Avenue North
Suite 3200
Billings, MT 59101
*Attorneys for Thomas A. Shannon, Jr., US Department of State, Ryan Zinke, US Department of the Interior and Bureau of Land Management*

By /s/ Jeffery J. Oven