MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

JEFFREY H. WOOD, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
BRIDGET KENNEDY McNEIL (CO Bar 34299)
Wildlife and Marine Resources Section
LUTHER L. HAJEK (CO Bar 44303)
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1484, (303) 844-1376; Fax: (303) 844-1350
bridget.mcneil@usdoj.gov
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, *et al.*,<br><br>　　　　Plaintiffs,<br>v.<br><br>THOMAS A. SHANNON, JR., in his official capacity as Under Secretary for Political Affairs, *et al.*, | CASE NO. 4:17-CV-00031-BMM<br><br>**MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS** |

|  |  |
|---|---|
| Federal Defendants, | |
| and | |
| TRANSCANADA CORPORATION, *et al.*, | |
| Intervenor-Defendants. | |

## INTRODUCTION

Plaintiffs have amended their complaint to add a claim against the United States Department of State ("State), alleging that the issuance of the Presidential Permit for the Keystone XL transnational pipeline is in violation of Section 7(a)(2) of the Endangered Species Act ("ESA"), which requires "[e]ach Federal agency" to ensure, in consultation with the expert wildlife agency, that its actions are "not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species." 16 U.S.C. § 1536(a)(2). However, as set forth in Federal Defendants' pending motion to dismiss, Under Secretary of State for Political Affairs Thomas A. Shannon Jr.'s determination that issuance of the Presidential Permit would be in the national interest was made solely pursuant to the President's delegated constitutional authority over foreign affairs and national security. Thus, it was a presidential action. Since the only jurisdictional basis for Plaintiffs' new claim is the ESA citizen-suit provision, which does not include the President in its waiver of sovereign immunity, *see* 16 U.S.C. § 1540(g)(1)(A), the Plaintiffs' Fifth Claim for Relief must also be dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, this claim must be dismissed for lack of standing.

# BACKGROUND

Federal Defendants incorporate by reference the background set forth in their initial motion to dismiss. *See* Defs' Mem. in Supp. of Mot. to Dismiss 2–5, ECF No. 42-1 ("Def. Mem.").

On August 4, 2017, Plaintiffs amended their complaint to add, as the Fifth Claim for Relief, an ESA citizen-suit claim alleging that the Department of State and Under Secretary Shannon are in violation of ESA Section 7(a)(2). 3d Am. Compl. ¶¶ 174–78, ECF No. 58. Pursuant to the Court's July 25, 2017 Order, ECF No. 53, Federal Defendants' supplemental motion to dismiss is due by August 18, 2017.

# LEGAL STANDARDS FOR A MOTION TO DISMISS

Federal Defendants incorporate by reference the legal standards set forth in their initial motion to dismiss. Def. Mem. 5–6.

# ARGUMENT

**I.   THERE IS NO WAIVER OF SOVEREIGN IMMUNITY FOR THE ESA CITIZEN-SUIT CLAIM HERE**

As established in our earlier motion to dismiss, *see* Def. Mem. 6–14, the issuance of the Presidential Permit by Under Secretary Shannon was a presidential action. Because the action at issue here—the Presidential Permit—is a presidential action, it is outside the narrow waiver of sovereign immunity found in the ESA

citizen-suit provision. Therefore, the ESA citizen-suit claim against State must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. *Mills v. United States*, 742 F.3d 400, 404–05 (9th Cir. 2014) (citations omitted).

Waivers of sovereign immunity must "be strictly construed, in terms of scope, in favor of the sovereign." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *see also Gallo Cattle Co. v. Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998). It is Plaintiffs' burden to establish that "[their] action falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). And while Congress may waive sovereign immunity by statute, the waiver "must be unequivocally expressed in statutory text and will not be implied." *Lane v. Peña*, 518 U.S. 187, 192 (1996). "Any ambiguities . . . are to be construed in favor of immunity. . . ." *FAA v. Cooper*, 566 U.S. 284, 290 (2012).

Plaintiffs invoke the ESA citizen suit provision, 16 U.S.C. § 1540(g)(1)(A), as the jurisdictional basis for their newly added Fifth Claim. As relevant here, the provision's waiver of sovereign immunity permits a citizen to bring suit to enjoin "any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution)" alleged to be violating the Act. 16 U.S.C. § 1540(g)(1)(A). Like the Administrative Procedure Act ("APA"), this provision is a waiver of

sovereign immunity that must be interpreted "strictly in favor of the sovereign." *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992) (citation omitted); *S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 629 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009) ("[a]lthough the ESA's citizen suit provision itself is a waiver of sovereign immunity, if a claim exceeds the scope of the citizen suit provision, it also exceeds the scope of the waiver, and the government is therefore immune from suit.")

Notably absent from the ESA citizen-suit provision's waiver is any reference to the President. In this regard, the citizen-suit provision's specification of who is subject to suit—"the United States and any other governmental instrumentality or agency"—is very similar to the APA's definition of "agency," addressed by the Supreme Court in *Franklin v. Massachusetts*, 505 U.S. 788, 800–01 (1992). Finding that the APA's definition of "agency", which includes "each authority of the Government of the United States" did not allow a court to review actions of the President, the *Franklin* Court held:

> The President is not explicitly excluded from the APA's purview, but he is not explicitly included, either. Out of respect for the separation of powers and the unique constitutional position of the President, we find that textual silence is not enough to subject the President to the provisions of the APA. We would require an express statement by Congress before assuming it intended the President's performance of his statutory duties to be reviewed for abuse of discretion. *Cf. Nixon v. Fitzgerald*, 457 U.S. 731, 748, n. 27 (1982) (Court would require an

4

> explicit statement by Congress before assuming Congress had created a damages action against the President).

*Id.*

The absence of any reference to the President in the ESA citizen-suit provision is the opposite of any "express statement" that would be required to subject the President to suit and review by a court. *See Armstrong v. Bush*, 924 F.2d 282, 289 (D.C. Cir. 1991) (when Congress restricts or regulates presidential action, "it must make its intent clear" as legislation regulating presidential action raises serious "practical, political, and constitutional questions that warrant careful congressional and presidential consideration."); *see also Ancient Coin Collectors Guild v. U.S. Customs & Border Prot.*, 801 F. Supp. 2d 383, 403 (D. Md. 2011), *aff'd on other grounds,* 698 F.3d 171 (4th Cir. 2012) (*Franklin*'s conclusion "was premised on 'the separation of powers and the unique constitutional position of the President.' . . . Although agencies, such as the State Department here, occupy a different 'constitutional position' than does the President, when those agencies act on behalf of the President, the separation of powers concerns ordinarily apply with full force—especially in an area as sensitive and complex as foreign affairs."). This is especially true because, as a waiver of sovereign immunity, the waiver must appear in the statutory text and cannot be implied.

Indeed, when Congress intended to refer to the President in the ESA, it did so expressly.  For example, ESA Section 7(p) specifically authorizes "the President" to grant exemptions from the prohibition on "take" of endangered species for the repair of public facilities in federal disaster relief areas. 16 U.S.C. § 1536(p); *see also* 16 U.S.C. § 1536(e)(3)(G).  Congress' specific reference to the President in some ESA sections indicates the intentional omission of the President from the ESA citizen-suit provision.  *Russello v. United States*, 464 U.S. 16, 23 (1983) (when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion").

The ESA's silence on this point contrasts with other environmental citizen-suit provisions, demonstrating that when Congress wanted to make the "express statement" of including the President in a waiver of sovereign immunity for citizen-suits, it did so explicitly.  *See, e.g.*, 42 U.S.C. § 9659(a)(2) (expressly authorizing certain citizen suits against the President and any other officer of the United States); *Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 23 & n.1 (1989) (noting that many of the environmental citizen-suit provisions including the ESA and CERCLA provisions, are similar and may inform their respective interpretations).

In sum, because the relevant waiver of sovereign immunity in the ESA citizen-suit provision, 16 U.S.C. § 1540(g)(1)(A), does not contain an express

statement that Congress has subjected the President to suit for an alleged violation of the statute, Plaintiffs' Fifth Claim for Relief must be dismissed here for lack of subject-matter jurisdiction. "Where a suit has not been consented to by the United States, dismissal of the action is required .... [because] the existence of such consent is a prerequisite for jurisdiction." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal quotation marks and citation omitted).

## II. PLAINTIFFS LACK STANDING TO BRING THE ESA CITIZEN-SUIT CLAIM

As detailed in our original motion to dismiss (Def. Mem. 21–25) and in our reply (Defs. Reply in Supp. of Mot. to Dismiss 21–22, ECF No. 56), Plaintiffs fail to sufficiently allege a concrete interest in listed species that will be harmed by the issuance of the Presidential Permit. These same arguments apply equally here: Plaintiffs' failure to sufficiently allege a concrete and particularized interest means that the ESA citizen-suit claim should be dismissed for lack of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (Plaintiffs lacked concrete interest in species to support claim that agency violated ESA Section 7); *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1650 (2017) (internal quotation marks and citation omitted) ("a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought").

7

In addition to these failings, Plaintiffs fail to sufficiently plead that their alleged injuries are likely to be redressed by a favorable court decision. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The remedy that Plaintiffs seek—an injunction against the Presidential Permit—is not available because such an order would impermissibly infringe on the President's authority. As set forth in our original motion to dismiss, the Under Secretary issued the Presidential Permit pursuant to the delegated constitutional authority of the President over foreign affairs and national security. *See* Dep't of State R. of Decision & Nat'l Interest Determination 27–31, ECF No. 42-6. Such decisions are the prerogative of the Executive Branch and are generally "not subject to judicial intrusion or inquiry." *Chi. & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948); *see also Bancoult v. McNamara*, 445 F.3d 427, 437 (D.C. Cir. 2006) (courts may not "bind the executive's hands" in matters involving national security and foreign policy). An order enjoining the Presidential Permit would impermissibly infringe on the President's authority and violate the separation of powers doctrine, and therefore no such order is available to redress Plaintiffs' alleged injuries. As a result, even if the Court were to require additional ESA consultation in this case, it would not redress Plaintiffs' injuries because such a consultation would not impact the Presidential Permit, which has already been issued.

As the Ninth Circuit has held, plaintiffs cannot establish redressability where, as here, they cannot prove that correcting the procedural flaw they complain of could result in a different outcome. *See, e.g., Ctr. for Biological Diversity v. Hagel*, 80 F. Supp. 3d 991, 1015–19 (N.D. Cal. 2015) (challenge to the approval of a military base was not redressable). In *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220 (9th Cir. 2008), the plaintiffs challenged a biological opinion that analyzed the impact of the United States' renewal of a Treaty. Although the plaintiffs alleged flaws with the biological opinion's analysis, the Ninth Circuit explained that the claim was not redressable because

> a court could not set aside the next, and more significant, link in the chain—the United States' entrance into the Treaty. While the United States and Canada can decide to withdraw from the Treaty, that is a decision committed to the Executive Branch, and we may not order the State Department to withdraw from it.

*Id.* at 1226 (citations omitted). The Court also explained that the alleged procedural injury was not redressable because plaintiffs could not demonstrate that "that right, if exercised, *could* protect their concrete interests." *Id.* at 1226 (quoting *Defs. of Wildlife v. U.S. Envtl. Prot. Agency*, 420 F.3d 946, 957 (9th Cir. 2005), *overruled on other grounds by Nat'l Ass'n of Home Builders, Inc. v. Defs. of Wildlife*, 551 U.S. 644 (2007)); *see also Lujan*, 504 U.S. at 572-73 (explaining that a procedural injury must be coupled with a "separate concrete interest" in order to establish standing).

9

Here, Plaintiffs cannot obtain redress of their alleged concrete interests because the Court cannot enjoin the Presidential Permit or direct the President to further consider impacts to listed species without infringing on his constitutional authority over foreign affairs and national security. *Hawaii v. Trump*, 859 F.3d 741, 788 (9th Cir. 2017) (citing *Franklin*, 505 U.S. at 802–03) (courts generally lack jurisdiction to enjoin the President in the performance of his official duties). Their alleged injuries thus cannot be redressed with an order requiring State to engage in additional environmental analyses under the ESA.

Accordingly, because Plaintiffs fail to sufficiently plead standing to bring the claim, the ESA citizen-suit claim should also be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Fifth Claim for Relief should be dismissed for lack of jurisdiction, as should all of the claims in the Third Amended Complaint, as briefed in our original motion to dismiss.

Respectfully submitted this 18th day of August, 2017,

                JEFFREY H. WOOD
                Acting Assistant Attorney General
                United States Department of Justice
                Environment and Natural Resources Division

SETH M. BARSKY, Section Chief

*/s/ Bridget K. McNeil*_____
BRIDGET KENNEDY McNEIL (CO Bar 34299)
Senior Trial Attorney
Wildlife and Marine Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1484; Fax: (303) 844-1350
bridget.mcneil@usdoj.gov

LUTHER L. HAJEK (CO Bar 44303)
Trial Attorney
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1376; Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 2,273 words, excluding the caption, signature, certificate of compliance, and certificate of service.

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2017, a copy of the foregoing Supplemental Motion to Dismiss and accompanying Memorandum in Support were served on all counsel of record via the Court's CM/ECF system.

                                              */s/ Bridget K. McNeil*
                                              BRIDGET KENNEDY McNEIL
                                              U.S. Department of Justice