MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Ph: (406) 247-4667; Fax: (406) 657-6058
mark.smith3@usdoj.gov

JEFFREY H. WOOD, Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
BRIDGET KENNEDY McNEIL (CO Bar 34299)
Wildlife and Marine Resources Section
LUTHER L. HAJEK (CO Bar 44303)
Natural Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: (303) 844-1484, (303) 844-1376; Fax: (303) 844-1350
bridget.mcneil@usdoj.gov
luke.hajek@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS A. SHANNON, JR., in his official capacity as Under Secretary for Political Affairs, *et al.*, <br><br> Federal Defendants, | CASE NO. 4:17-CV-00031-BMM <br><br> **DEFENDANTS' STATEMENT REGARDING CONSOLIDATION** |

| | |
|---|---|
| and<br><br>TRANSCANADA CORPORATION, *et al.*,<br><br>        Intervenor-Defendants. | |

Defendants U.S. Department of State *et al.* hereby submit this statement regarding consolidation of *Indigenous Environmental Network v. U.S. Department of State*, No. 4:17-cv-00029-BMM with *Northern Plains Resource Council v. Shannon*, No. 4:17-cv-00031-BMM. As both cases challenge approvals for the Keystone XL Pipeline, Defendants believe that consolidation of the two cases is appropriate and would streamline the presentation of issues before the Court.

Consolidation is appropriate when the cases involve common factual and legal issues. *See* Fed. R. Civ. P. 42(a). The governing rule states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

*Id.* A court has broad discretion to consolidate cases involving similar facts and legal claims. *Thomas Inv. Partners, Ltd. v. United States*, 444 Fed. Appx. 190, 193 (9th Cir. 2011).

Consolidation is appropriate here because both cases challenge the Under Secretary of State's issuance of a presidential permit for the Keystone XL Pipeline, as well as the U.S. Fish and Wildlife Service's biological opinion relating to the pipeline. *See* First Am. Compl. for Decl. and Inj. Relief ¶¶ 1-5, *Indigenous*

1

*Environmental Network*, No. 4:17-cv-00029-BMM (ECF No. 61); Third Am. Comp. for Decl. and Inj. Relief ¶¶ 1-15, *Northern Plains Resource Council*, No. 4:17-cv-00031-BMM (ECF No. 58). Further, both cases involve similar claims alleging violations of the National Environmental Policy Act ("NEPA") and the Endangered Species Act ("ESA"). *See* First Am. Compl. for Decl. and Inj. Relief ¶¶ 31-80, 82-84, 86-111, *Indigenous Environmental Network*, No. 4:17-cv-00029-BMM; Third Am. Comp. for Decl. and Inj. Relief ¶¶ 147-52, 160-63, 165-72, 174-78, *Northern Plains Resource Council*, No. 4:17-cv-00031-BMM.[1] Accordingly, the criteria for consolidation clearly are met.

Further, should the cases survive the pending motions to dismiss, consolidation of the cases would promote judicial efficiency. Through consolidation, the parties would submit a case management plan, the administrative record, and other preliminary filings just once in the consolidated case, rather than filing them in both cases. And given that both sets of plaintiffs challenge the same actions and raise the same legal claims, there is likely to be

---

[1] The *Northern Plains Resource Council* case also contains a NEPA claim against the U.S. Bureau of Land Management ("BLM"). *See* Third Am. Comp. for Decl. and Inj. Relief ¶¶ 154-58, No. 4:17-cv-00031-BMM. However, BLM has not yet made a decision regarding a right-of-way for the Keystone XL Pipeline, and when it does, the plaintiffs in *Indigenous Environmental Network* may choose to amend their complaint to challenge BLM's decision as well.

substantial overlap in the arguments that are raised in the merits briefing in both cases. This counsels in favor of consolidation, such that both cases could proceed on the same, or similar, schedule in a coordinated manner.

Defendants are mindful that all parties will want an adequate opportunity and sufficient briefing space to argue their own claims and defenses, but believe that any such concerns can be addressed through case management.

Respectfully submitted this 18th day of September, 2017.

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Division

        SETH M. BARSKY, Section Chief

        */s/ Bridget Kennedy McNeil*_____
        BRIDGET KENNEDY McNEIL (CO Bar 34299)
        Senior Trial Attorney
        Wildlife and Marine Resources Section
        999 18th St., South Terrace, Suite 370
        Denver, CO 80202
        Ph: (303) 844-1484; Fax: (303) 844-1350
        bridget.mcneil@usdoj.gov

        */s/ Luther L. Hajek*_____
        LUTHER L. HAJEK (CO Bar 44303)
        Natural Resources Section
        999 18th Street, South Terrace, Suite 370
        Denver, CO 80202
        Ph: (303) 844-1376; Fax: (303) 844-1350
        luke.hajek@usdoj.gov

        *Attorneys for Federal Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), the attached statement is proportionately spaced, has a typeface of 14 points, and contains 517 words, excluding the caption, table of contents, table of authorities, certificate of compliance, certificate of service, and exhibit index.

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, a copy of the foregoing Reply in Support of Motion to Dismiss on all counsel of record via the Court's CM/ECF system.

>
> */s/ Luther L. Hajek*
> LUTHER L. HAJEK
> U.S. Department of Justice