Timothy M. Bechtold (Montana Bar No. 4376)
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net
Attorney for Plaintiffs
(additional counsel listed on signature pages)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, BOLD ALLIANCE, CENTER FOR BIOLOGICAL DIVERSITY, FRIENDS OF THE EARTH, NATURAL RESOURCES DEFENSE COUNCIL, INC., and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS A. SHANNON, JR., in his official capacity; U.S. DEPARTMENT OF STATE; RYAN ZINKE, in his official capacity; U.S. DEPARTMENT OF THE INTERIOR; and U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants, <br><br> TRANSCANADA CORPORATION and TRANSCANADA KEYSTONE PIPELINE LP, <br><br> Intervenor-Defendants. | CV 17-31-GF-BMM <br><br> **Northern Plains Resource Council et al.'s Statement of Position on Consolidation** |

## INTRODUCTION

On August 30, the Court requested that the parties in this case file a statement of position regarding consolidation with *Indigenous Environmental Network et al. v. United States Department of State et al.*, case no. 17-cv-00029-BMM. For the reasons set forth below, the plaintiffs in this action (Northern Plains Plaintiffs) oppose consolidation with the case brought by the other plaintiffs (IEN Plaintiffs). If the Court nonetheless orders some form of consolidation, Northern Plains Plaintiffs respectfully request that the two cases retain their separate rights and characters, and be consolidated only for coordination and scheduling purposes as needed.

## ARGUMENT

**I.     The Court Should Not Consolidate These Actions Because the Delay, Confusion, and Prejudice Would Outweigh Any Savings of Time and Effort**

If actions "involve a common question of law or fact," a court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Here, the two cases do involve some common issues of law and fact. Both cases challenge the U.S. Department of State's (State Department's) approval of the Keystone XL Pipeline pursuant to the National Environmental Policy Act

(NEPA) and the Endangered Species Act (ESA), and both cases are likely to be litigated largely on the same administrative record.

However, despite these general areas of overlap, the two cases have substantial differences that weigh against consolidation. "Where there is common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity." *Wall v. U.S. Dep't of Agric.*, No. CV 16-118-M-DLC, 2016 WL 5816883, at *2 (D. Mont. Oct. 5, 2016). In deciding whether to consolidate cases, the court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, Nos. CV 03 1555 PHX SRB, CV 04 1535 PHX JWS, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citations omitted); *see also Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984) (stating that the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause").

Here, the delay, confusion, and prejudice of consolidation would outweigh the potential savings of time and effort for two reasons. <u>First</u>, Northern Plains Plaintiffs bring some claims that IEN Plaintiffs do not, and even as to the overlapping claims, the two groups will likely advance different arguments. Northern Plains Plaintiffs bring an Administrative Procedure Act claim against the

State Department for arbitrarily reversing its prior decision to deny the permit for Keystone XL. Third Am. Compl. ¶¶ 159-63, ECF No. 58. Northern Plains Plaintiffs also bring a NEPA claim against the Bureau of Land Management. *Id.* ¶¶ 153-58. IEN has not brought these claims.

Further, each group of plaintiffs will likely assert several unique legal arguments in support of the overlapping NEPA and ESA claims. For example, Northern Plains Plaintiffs allege that the State Department failed to prepare a supplemental Environmental Impact Statement despite significant new information on the project's environmental impacts, *id.* ¶¶ 125, 150, and that the Department failed to evaluate the cumulative climate impacts of Keystone XL and other proposed pipelines such as the Alberta Clipper (or Line 67) pipeline expansion, *id.* ¶ 148. IEN Plaintiffs' amended complaint does not allege these NEPA violations.

Similarly, while both cases allege violations of the ESA, each case involves impacts to different endangered or threatened species. Northern Plains Plaintiffs allege that the State Department failed to ensure that the project would not jeopardize the existence of the critically endangered whooping crane, endangered interior least tern, and threatened piping plover. *Id.* ¶¶ 164-78. IEN Plaintiffs' ESA claims, by contrast, also potentially involve impacts to the black-footed ferret, northern swift fox, pallid sturgeon, American burying beetle, northern long-eared

bat, and western prairie fringed orchid, among others. IEN Plaintiffs' First Am. Compl. ¶¶ 88, 95, 100-01, 105-10, case no. 17-cv-00029-BMM, ECF No. 61.

Second, consolidation would be inconvenient and would prejudice the rights of the parties because the cases may proceed on different timelines for discovery and summary judgment briefing. For example, Northern Plains Plaintiffs intend to seek limited discovery and present expert testimony on their ESA citizen-suit claim against the State Department. *See W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011) (confirming that courts "may consider evidence outside the administrative record" on ESA citizen-suit claims). If Northern Plains Plaintiffs seek discovery and present expert testimony on some of their claims and IEN Plaintiffs do not,[1] it is difficult to envision a schedule that could accommodate both cases.

Additionally, Northern Plains Plaintiffs plan to move for summary judgment on their NEPA and APA claims relatively quickly following production of the administrative record. A prompt resolution of these claims is important because TransCanada could have all necessary permits in place to begin construction of Keystone XL within a matter of months. And should TransCanada indicate that project construction is slated to begin while these claims are still pending, Northern

---

[1] Counsel for Northern Plains Plaintiffs attempted to confer with counsel for IEN Plaintiffs, but were unable to ascertain whether IEN Plaintiffs will seek discovery.

5

Plains Plaintiffs may seek a preliminary injunction. It is unclear whether IEN Plaintiffs intend to proceed on a similar schedule.

Attempting to coordinate two actions that may otherwise proceed on very different schedules will be confusing and burdensome for the court. *See Wall*, 2016 WL 5816883, at *2-3 (denying motion to consolidate in part because consolidation would be "more burdensome and inefficient"). It could also delay trial or merits briefing in one case or the other, which would prejudice one or both of the plaintiff groups. *See, e.g.*, *Antoninetti v. Chipotle Mexican Grill, Inc.*, Nos. 05CV1660-J (WMc), 06CV2671-J (WMc), 2007 WL 2669531, at *2 (S.D. Cal. Sept. 7, 2007) ("Where a case that is ready for or close to trial would be held up pending completion of pretrial proceedings in another case, courts have consistently denied consolidation."); *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1573 (D.N.M. 1994) ("Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready for disposition."). Thus, Northern Plains Plaintiffs respectfully request that the cases not be consolidated.

## II.  Should the Court Consolidate These Actions, It Should Do So for Limited Coordination Purposes Only

If the Court nonetheless decides to consolidate the cases, Northern Plains Plaintiffs request that the Court do so for limited coordination purposes only, and

that the suits retain their separate rights and characters. "'Consolidation' as a term of legal procedure is generally used in three different contexts: (1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2382 (1995)).

Here, only the third type of consolidation would be appropriate. The two groups of plaintiffs have brought some unique legal claims, and will likely make different legal arguments concerning any claims that do overlap. Attempting to combine briefing and/or oral argument for these already-complex cases would be burdensome and prejudicial to the respective plaintiff groups, and would be unlikely to promote judicial economy (e.g., the unique claims and arguments of each case would make it difficult for the parties to file combined briefs).

Therefore, Northern Plains Plaintiffs request that the two groups of plaintiffs retain their separate rights, including the right to file separate briefs. *See Wilbur v. Superior Concrete Accessories*, 217 F. Supp. 600, 602 (N.D. Cal. 1963) ("Consolidation . . . does not automatically merge the suits into a single cause, or

7

change the rights of the parties, or make those who are parties in one suit parties to the other."); *Sullivan v. Mahoney*, Nos. CV 09-06-H-DWM-RKS, CV 09-18-H-DWM-RKS, 2009 WL 1451698, at *2 n.1 (D. Mont. May 20, 2009) (stating that each suit will retain its separate character, with separate judgments entered).

## CONCLUSION

For the foregoing reasons, Northern Plains Plaintiffs respectfully request that the actions remain unconsolidated, or in the alternative, that the actions be consolidated for coordination purposes only, and retain their separate rights and characters.

Respectfully submitted,

Dated: September 18, 2017

/s/ Doug Hayes
Doug Hayes (*pro hac vice*)
/s/ Eric Huber
Eric Huber (*pro hac vice*)
Sierra Club Environmental Law Program
1650 38th Street, Suite 102W
Boulder, CO 80301
(303) 449-5595
doug.hayes@sierraclub.org
huber@sierraclub.org

*Attorneys for Sierra Club and Northern Plains Resource Council*

/s/ Cecilia Segal
Cecilia Segal (*pro hac vice*)
Natural Resources Defense Council
111 Sutter Street, Floor 21
San Francisco, CA 94104
(415) 875-6100

csegal@nrdc.org

*Attorneys for Bold Alliance and Natural Resources Defense Council*

/s/ Jared Margolis
Jared Margolis (*pro hac vice*)
/s/ Amy Atwood
Amy R. Atwood (*pro hac vice*)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(971) 717-6401
jmargolis@biologicaldiversity.org
atwood@biologicaldiversity.org

*Attorneys for Center for Biological Diversity and Friends of the Earth*

/s/ Timothy M. Bechtold
Timothy M. Bechtold
(Montana Bar No. 4376)
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

*Attorney for all Plaintiffs*

## WORD COUNT CERTIFICATION

I certify that the foregoing brief contains 1,618 words, as counted with Microsoft Word's "word count" tool, and excluding material Local Civil Rule 7.1(d)(2)(E) omits from the word-count requirement.

<u>/s/ Cecilia Segal</u>

## CERTIFICATE OF SERVICE

I certify that I served the foregoing brief on all counsel of record via the Court's CM/ECF system.

/s/ Cecilia Segal