IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NORTHERN PLAINS RESOURCE COUNCIL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS A SHANNON, JR., in his Official Capacity as U.S. Under Secretary of State, et al., <br><br> Defendants, <br><br> and <br><br> TRANSCANADA CORPORATION, et al., <br><br> Intervenor-Defendants. | CV-17-31-GF-BMM <br><br><br><br><br><br> ORDER |

Plaintiffs Northern Plains Resource Council, Bold Alliance, Center for Biological Diversity, Friends of the Earth, Natural Resources Defense Council, Inc., and Sierra Club (collectively "Plaintiffs") bring this action against the United States Department of State and various other governmental agencies and agents in their official capacities ("Federal Defendants") (Doc. 58.) The Court allowed TransCanada Keystone Pipeline, LP ("TransCanada") to intervene in this matter on April 27, 2017. (Doc. 23.)

1

The Court consolidated this matter with *Indigenous Environmental Network, et al v. United States Department of State, et al* on October 4, 2017 (Doc. 75.) The Court's resolution of Federal Defendants' and TransCanada's motions to dismiss and supplemental motions to dismiss in that case govern here. (Doc. 99.) The Court adopts that ruling and will address only Plaintiffs' additional claims here.

Plaintiffs allege that the Bureau of Land Management ("BLM") violated the National Environmental Policy Act ("NEPA") by relying on the 2014 Final Supplemental Environmental Impact Statement ("FSEIS") for its decision regarding right-of-ways across BLM managed federal land for the Keystone XL Pipeline. Plaintiffs additionally allege that the State Department failed to explain and to justify adequately its reversal of position on whether the Keystone XL Pipeline serves the national interest and its reliance on an inadequate environmental review.

## DISCUSSION

Federal Defendants and TransCanada move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. A challenge to a court's jurisdiction to hear a claim may be brought either as a facial attack on the sufficiency of the pleadings, or as a factual attack that contests the complaint's allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121

(9th Cir. 2014). Federal Defendants question whether Plaintiffs have presented a cause of action. The Rule 12(b)(6) standard applies. *Leite*, 749 F.3d at 1121.

## I. NEPA Claim Against the BLM

Federal Defendants and TransCanada argue that the BLM has not made a decision regarding the right-of-way. Federal Defendants and TransCanada further argue that the NEPA claim should be dismissed for lack of final agency action. The BLM may grant the right-of-way request at any time. The BLM further will base their decision on the 2014 FSEIS.

As a result, the Court will hold Plaintiffs' claim against BLM in abeyance until BLM issues a final decision. Abeyance will promote judicial economy. Plaintiffs' BLM claim draws on the same body of law and facts regarding the Keystone XL Pipeline as Plaintiffs' other claims against Federal Defendants. *See Harger v. U.S. Dep't of Labor*, 2007 WL 1430214 at *3-4 (E.D. Wash. 2007); *Sierra Club v. U.S. Army Corps of Eng'rs*, 64 F.Supp.3d 128, 137 (D.D.C. 2014).

## II. Reversal of Prior Decision

Under Secretary Thomas A. Shannon published a Record of Decision ("ROD") that confirmed that the State Department did not supplement its NEPA analysis before determining that the Keystone XL Pipeline serves the national interest and issuing the Presidential Permit. The ROD refers repeatedly to the same 2014 FSEIS upon which former Secretary of State John Kerry relied in rejecting

the request for a Presidential Permit in 2015. (Doc. 42-6.) The Court believes that this claim would be redressed by an order that would require Federal Defendants to comply with the APA and NEPA.

## CONCLUSION

Accordingly, it is **HEREBY ORDERED** that Federal Defendants' Motion to Dismiss (Doc. 42) and Supplemental Motion to Dismiss (Doc. 61) are **DENIED**.

It is **FURTHER ORDERED** that TransCanada's Motion to Dismiss (Doc. 43) and Supplemental Motion to Dismiss (Doc. 59) are **DENIED**.

DATED this 22nd day of November, 2017.

_____
Brian Morris
United States District Court Judge

4